UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CINDY JIMENEZ
                Plaintiff,

          against-                                   **COMPLAINT**
                                                                       **JURY TRIAL**
                                                                        **DEMANDED**

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES,
NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES POLICE OFFICERS ALAMO
(Shield 806) and SGT. PONCE (Shield 805),

               Defendants.
------------------------------------------------------------------------X

       Plaintiff, **CINDY JIMENEZ** by her attorney, **THE LAW OFFICE OF KEVIN L. MOSLEY, P.C.**, for her complaint alleges, on information and belief, as follows:

### NATURE OF THE ACTION

      1. This is an action to recover money damages arising out of defendants' violation of plaintiffs rights under the Constitution and laws of the United States and the State of New York, as a result of the unlawful search and seizure, false arrest, false imprisonment, excessive force, negligence, assault, battery, conspiracy, failure to prevent by officers of defendants.

### JURISDICTION AND VENUE

      2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

      3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

      4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### PENDENT JURISDICTION

      5. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. §§ 1331 and

1334(3) & (4) as this action seeks to redress for violation of plaintiff's civil rights. Plaintiff further invoke the Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 (a) over any and all state law claims that are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6. On May 2, 2018, within ninety days after the claims alleged in this complaint arose, a Notice of Claim verified by plaintiff was duly served on the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of plaintiffs Notice of Claim, and adjustment or payment of the claim has been neglected or refused by defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening the events of which plaintiff's claims are based.

**PARTIES**

9. Plaintiff Cindy Jimenez is a citizen of the United States and a resident of the State of New York.

10. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

11. Defendant City of New York operates the New York City Department of Homeless Services, a department or agency of defendant City of New York responsible for the procurement, appointment, retention, training, supervision, and discipline of Department of

Homeless Services police officers.

12. At all times relevant herein, defendants NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE OFFICER ALAMO and SGT. PONCE, (Shield 805) were employed by the defendant City of New York as police officers for the New York City Department of Homeless Services.

13. At all times relevant herein, defendant officers were acting as agents, servants and employees of defendant City of New York.

14. At all times relevant herein, all defendants were all acting under color of state law.

**FACTS**

15. On May 2, 2018, at approximately 1:57 P.M., plaintiff was a resident at a New York City homeless shelter at 1921 Jerome Avenue, Bronx, New York. Plaintiff was housed on the first floor at the aforesaid location in Room number 402. Plaintiff was assigned a private locker to store her personal belongings in her room.

16. At the aforesaid time and place the defendant officers, with absolutely no basis, reasonable suspicion or probable cause wrongly accused plaintiff of possessing illegal narcotics and forcibly opened her locker and removed the contents therein. Plaintiff, who was present during the search, objected to the defendant officers accusation and did not consent to the search of her personal belongings in her locker. No illicit drugs or narcotics were found in plaintiff's locker. At no time during the occurrence did plaintiff possess illicit drugs or narcotics or otherwise engaged in any apparent illegal or unlawful conduct.

17. At the aforesaid time and place, despite having no evidence and/or no basis to suspect plaintiff of possessing narcotics, defendant officers attacked plaintiff. The defendant

officers, without provocation, cause or need, knocked plaintiff to the floor and pummeled plaintiff about the body causing substantial pain and injury, including but not limited to a fractured arm and injuries to her head, face, elbow, arms, neck and legs.

18. Defendant officers placed plaintiff in handcuffs and continued to subject plaintiff to an unlawful assault and battery. At no time during the assault of the plaintiff did the plaintiff resist arrest or otherwise constituted a threat to the defendant officers, herself or members of the public or residents of the shelter. Defendant officers engaged in the aforesaid conduct without probable or just cause.

19. Defendants wrongfully accused plaintiff of possessing narcotics even though they knew that allegation to be false.

20. After the vicious assault plaintiff was removed from the scene via ambulance and taken to Bronx Lebanon hospital where she was treated for her injuries. Plaintiff was never charged with a crime as a result of the occurrence. Realizing their malfeasance, the defendant officers conspired to concoct a scheme in an attempt to justify their conduct. Consequently, the defendant officers falsely alleged that plaintiff was an Emotionally Disturbed Person (EDP) and created false documents.

21. Defendant officers failed to prevent the aforesaid unconstitutional and impermissible conduct engaged in even though there was and is a statutory duty to do so.

### FIRST CLAIM FOR RELIEF

22. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-21.

23. Defendants, by subjecting plaintiff to unconstitutional search and seizure, unlawful

arrest and imprisonment and using unnecessary and excessive force upon plaintiff, violated plaintiffs rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I, § § 5, 6, 11 and 12 of the Constitution of the State of New York.

## SECOND CLAIM FOR RELIEF

24. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23.

25. The acts complained of by plaintiff herein are a direct and proximate result of the failure of the CITY OF NEW YORK and the NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES properly to select, train, supervise and discipline its police officers.

26. The failure of the City of New York and the New York City Department of Homeless Services to properly to select, train, supervise and discipline its police officers constitutes gross and deliberate indifference to brutal and unconstitutional conduct by its police officers against shelter patrons and residents.

27. The official policies, practices and customs of the City of New York and the New York City Department of Homeless Services alleged violated plaintiffs rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, § § 5, 6, 11 and 12 of the Constitution of the State of New York.

## THIRD CLAIM FOR RELIEF

28. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27.

29. Defendant officers had a duty to prevent the unconstitutional and conspiratorial actions of the defendant police officers herein.

30. Defendant officers had knowledge that the wrongs conspired to be done, under

section 42 U.S.C. 1985, or about to be committed, and having had the power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

31. Defendant officers are liable to the plaintiff for all damages caused by their wrongful acts, which by reasonable diligence could have prevented.

## FOURTH CLAIM FOR RELIEF

32. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-31.

33. The conduct toward plaintiff alleged herein constituted, false arrest and imprisonment, assault and battery, assault, battery and the intentional, willful and malicious infliction of severe physical, mental and emotional distress. Defendants were also negligent in their conduct towards plaintiff and committed negligent hiring and retention of defendant officers and or employees and agents.

34. The conduct toward plaintiff alleged herein subjected plaintiff to severe pain and suffering, trauma, debasement, fright, fear, humiliation, and embarrassment.

## FIFTH CLAIM FOR RELIEF

35. Plaintiff repeats and re-alleges allegations contained in ¶ 1-34.

36. At all times relevant herein, defendant officers were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 5, 6, 11 and 12 of the Constitution of the State of New York.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CINDY JIMENEZ respectfully requests judgment against defendants as follows:

(a) Compensatory damages against defendants, jointly and severally, in the amount of two

million dollars ($2,000,000.00) ;

(b) Punitive damages against defendants, jointly and severally, in the amount of four million dollars ($4,000,000.00);

(c) Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d) Such other and further relief, including injunctive and declaratory relief as this Court deems just and proper.

Dated: New York, New York
April 9, 2019

\_\_S/_____
By Kevin L. Mosley, Esq.

LAW OFFICE OF KEVIN L. MOSLEY P.C
41-45 PROSPECT AVENUE
DOUGLASTON, NEW YORK 11363
(212) 631-7000 (TELEPHONE)
(646) 304-2007 (FAX)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CINDY JIMENEZ
                Plaintiff,


        against-                                **COMPLAINT**
                                                        **JURY   TRIAL**
                                                         **DEMANDED**

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES,
NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES POLICE OFFICERS ALAMO
(Shield 806) and SGT. PONCE (Shield 805),

                Defendants.
------------------------------------------------------------------------X

---
**COMPLAINT**
---


LAW OFFICE OF KEVIN MOSLEY P.C
45-41 PROSPECT AVENUE
DOUGLASTON, NEW YORK 11363
(212) 631-7000 (TELEPHONE)
(646) 304-2007 (FAX)

9